UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AGNIESZKA F., <br><br> Plaintiff, <br><br> v. <br><br> FRANK BISIGNANO, <br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 23 CV 2079 <br><br> Magistrate Judge McShain |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Agnieszka F. appeals the Commissioner of Social Security's decision denying her application for benefits. For the following reasons, plaintiff's motion to reverse and remand the Commissioner's decision [11] is granted, the Commissioner's motion for summary judgment [16] is denied, and the case is remanded for further administrative proceedings.[1]

**Background**

In September 2020, plaintiff applied for a period of disability and disability insurance benefits, alleging an onset date of July 30, 2018. [8-1] 13. The claim was denied initially, on reconsideration, and after a hearing before an administrative law judge (ALJ). [*Id.*]. The Appeals Council denied review in February 2023, *see* [*id.*] 1-5, making the ALJ's decision the agency's final decision. *See* 20 C.F.R. §§ 404.955 & 404.981. Plaintiff then appealed to this Court [1], and the Court has subject-matter jurisdiction pursuant to 42 U.S.C. § 405(g).[2]

The ALJ reviewed plaintiff's claim in accordance with the Social Security Administration's five-step evaluation process. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. [8-1] 15. At step two, the ALJ determined that plaintiff has the following severe impairments: L4-L5 and L5-S1 foraminal and central canal stenosis, depression,

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings, except for citations to the administrative record [8-1], which refer to the page numbers in the bottom right corner of each page.

[2] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge [6, 7].

bipolar, anxiety, and post-traumatic stress disorder. [*Id.*] 16. At step three, the ALJ concluded that plaintiff's impairments did not meet or equal the severity of a listed impairment. [*Id.*]. Before turning to step four, the ALJ ruled that plaintiff had the residual functional capacity (RFC) to perform light work and can understand, remember, and carry out simple job instructions in a routine work setting with few, if any, changes. [*Id.*]. The ALJ added two exceptions: (1) she can tolerate only occasional interaction with co-workers and supervisors but should not participate in any collaborative joint projects with them or engage the public, and (2) she should not have a fast-paced job that has hourly production quotas but is able to meet end of the day employer expectations. [*Id.*] 18. At step four, the ALJ held that through the date last insured, plaintiff was unable to perform any past relevant work. [*Id.*] 22. At step 5, the ALJ found that jobs existed in significant numbers in the national economy that plaintiff could perform: hand packer (159,000 jobs), assembler (99,000 jobs), and sorter (60,000 jobs). [*Id.*] 23. Accordingly, the ALJ determined that plaintiff was not disabled.

## Legal Standard

The Court reviews the ALJ's decision deferentially to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "not a high threshold: it means only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Karr v. Saul*, 989 F.3d 508, 511 (7th Cir. 2021) (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019)). "When reviewing a disability decision for substantial evidence, we will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination so long as substantial evidence supports it." *Warnell v. O'Malley*, 97 F.4th 1050, 1052-53 (7th Cir. 2024) (internal quotation marks and brackets omitted).

## Discussion

Plaintiff argues that the denial of benefits should be reversed because (1) substantial evidence does not support the ALJ's finding that plaintiff was capable of more than minimal interactions with coworkers and supervisors and (2) the ALJ should have obtained a medical opinion to evaluate a November 2021 MRI, which may have shown that plaintiff's back condition worsened after she was in a car accident several months earlier. [11]. The Court agrees with plaintiff that the ALJ erred by failing to obtain a medical opinion to evaluate her November 2021 MRI. Because no state agency doctor had assessed plaintiff's physical RFC, and because this MRI arguably supported plaintiff's claim that her back condition had worsened, the record was inadequate for the ALJ to determine if plaintiff was disabled.

Under "applicable regulations and Seventh Circuit case law, it is within the ALJ's discretion to consult a medical expert when the evidence received is inadequate to determine whether the claimant is disabled." *Marnie M. v. O'Malley*, No. 20 CV

7511, 2024 WL 3650212, at *2 (N.D. Ill. Aug. 5, 2024) (internal quotation marks omitted). "[T]he reviewing court defers to the ALJ on the question of how much evidence must be gathered" because "the practical reality is that no record is complete–one may always obtain another medical examination, seek the views of one more consultant, wait six months to see whether the claimant's condition changes, and so on." *Bertaud v. O'Malley*, 88 F.4th 1242, 1245 (7th Cir. 2023). That said, an ALJ may not "'play doctor' and interpret 'new and potentially decisive medical evidence' without medical scrutiny.'" *McHenry v. Berryhill*, 911 F.3d 866, 871 (7th Cir. 2018) (quoting *Goins v. Colvin*, 764 F.3d 677, 680 (7th Cir. 2014)). An ALJ may summarize treatment notes and medical opinions, but "it is for doctors, and not ALJs, to interpret x-rays, MRIs, and other raw medical data[.]" *Theresa M. v. Saul*, No. 19 C 3135, 2020 WL 7641286, at *5 (N.D. Ill. Dec. 23, 2020).

Here, the ALJ should have sought an updated medical opinion because the state agency doctors did not assess plaintiff's physical condition and the ALJ was unqualified to decide whether the November 2021 MRI, taken after a then-recent car accident, showed that plaintiff's condition had worsened or supported her claim to be disabled.

Plaintiff was in a first car accident in August 2018 that caused low back and leg pain. [8-1] 20. Plaintiff saw a doctor to address the pain and had an MRI completed in October 2018. [*Id.*]. The MRI showed "multilevel spondylosis, a broad-based herniation at L5-S1 causing moderate neural foraminal and central canal stenosis, and a posterior herniation at L4-L5 contributing to mild foraminal and central canal stenosis." [*Id.*]. On examination, plaintiff had an antalgic gait, bilateral and S1 pain, blunted patella reflexes, and no Achilles reflexes. [*Id.*]. After receiving a lumbar epidural steroid injection, plaintiff reported an 80% improvement and was advised not to receive any further injections. [*Id.*]. Records from October 2020 reflect plaintiff had a normal gait, and an annual visit with her PCP in April 2021 showed an unremarkable gait and full range of motion in all four extremities. [*Id.*].

Plaintiff was involved in a second accident in July 2021 that caused additional lower back pain with new radiation. [8-1] 21. A physical exam in November 2021 found pain reproduced with straight leg raises, but a reciprocal gait, normal sensation, and symmetrical strength through both legs. [*Id.*]. Later in the month plaintiff had another exam that showed an antalgic gait, positive left lumbar trigger points, bilateral L5 and S1 pain, blunted patella reflexes, no Achilles reflexes, and a positive straight leg raise. [*Id.*]. During this exam, an MRI was taken that showed a large annular tear at L4-L5 with resultant canal and left lateral recess stenosis and up-down foraminal stenosis at L5-S1. [*Id.*]. Plaintiff was given an epidural steroid injection. [*Id.*]. At a general wellness exam in April 2022, plaintiff denied musculoskeletal or neurological complaints. [*Id.*].

In this case, the ALJ needed to obtain a medical opinion to assess whether and to what extent the November 2021 MRI supported plaintiff's disability claim. Plaintiff experienced renewed back pain and additional radiation after the second car accident, and the November 2021 MRI documented the presence of a "large" annular tear with resultant stenosis. Plaintiff also claimed that she could not stand or walk for long periods without experiencing severe back and leg pain. Case law establishes that the ALJ "was not qualified to determine on his own whether the MRI results would corroborate the claimant's complaints without the benefit of an expert opinion." *McHenry*, 911 F.3d at 871. To his credit, the ALJ did not attempt to explain what impact the November 2021 MRI had on plaintiff's physical RFC. Instead, he summarized the examining doctor's description of what the MRI showed. But that "summary stands by itself in [the ALJ's] opinion, unrelated to anything else. [H]e made no effort to compare the [November 2021] MRI with the earlier one, and [h]e did not use the report of the results of that MRI as an aid to evaluating the plaintiff's testimony." *Goins*, 764 F.3d at 680. Essentially, then, the ALJ ignored a potentially critical piece of raw medical data that could have corroborated plaintiff's allegations.

The Commissioner argues that plaintiff is wrong to "insist[ ] that the record was incomplete simply because it did not contain a new medical opinion[.]" [17] 9. This argument is true as far as it goes. While an ALJ "is not required to support her RFC determination with a specific medical opinion," *Marva S. v. O'Malley*, No. 22 CV 6799, 2025 WL 1371440, at *2 (N.D. Ill. May 12, 2025), an ALJ is required to subject new and potentially decisive medical evidence–such as the November 2021 MRI–to expert scrutiny. *See McHenry*, 911 F.3d at 871; *Goins*, 764 F.3d at 680. The Commissioner's brief ignores the fact that plaintiff's argument is directed at the ALJ's failure to subject that kind of raw medical evidence to expert scrutiny. Furthermore, if it is reversible error for an ALJ to rely on an outdated state agency opinion when there is new, potentially decisive medical evidence that has not been subjected to expert scrutiny, *see Goins*, 764 F.3d 677, it must also be reversible error when the ALJ does not subject a new, potentially decisive MRI to medical scrutiny and there is not even an outdated state agency opinion for the ALJ to fall back on.

Because the ALJ was not qualified to address the significance of the November 2021 MRI, and because there was otherwise no opinion evidence that addressed plaintiff's physical RFC, the record was "inadequate to make a disability determination" and the ALJ needed to seek out a medical expert to opine on this issue. *See Amy D. v. Kijakazi*, No. 21 C 1646, 2023 WL 11939791, at *2–3 (N.D. Ill. Aug. 11, 2023) (collecting cases).

## Conclusion

Plaintiff's motion to reverse and remand [11] is granted and defendant's motion for summary judgment [16] is denied. The decision of the Social Security Administration is reversed, and, in accordance with the fourth sentence of 42 U.S.C. § 405(g), this case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: August 5, 2025**